IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

ROBERT SULLINS                                                                              PLAINTIFF
ADC # 151971

v.                                            2:22CV00008-JM-JTK

EVANS, et al.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.	The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**I.	Introduction**

Plaintiff Robert Sullins ("Plaintiff") was in custody at the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC") when he began this lawsuit. He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In Forma Pauperis, which was granted. (Doc. Nos. 1-3). The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a claim upon which relief may be granted. (Doc. No. 3). Plaintiff was given the opportunity to file an Amended Complaint to cure the deficiencies in his pleading. (Id.) To date, Plaintiff has not filed an Amended Complaint, and the time for doing so has passed. Further, mail sent from the Court to Plaintiff at his address of record has been returned as undeliverable with the notation "Parole RTS." (Doc. No. 4). It appears Plaintiff has been released on parole but failed to update his address with the Court.

As explained below, Plaintiff's Complaint fails to state a claim on which relief may be granted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.   Discussion

Plaintiff filed this § 1983 lawsuit against EARU Sergeant Evans, an unidentified EARU Security Officer, and Lee County Jail Administrator Clay in their personal and official capacities. (Doc. No. 2 at 1-2).  Plaintiff alleges that on November 16, 2021, Defendants Evans and Doe did not give Plaintiff his breakfast.  (Id. at 4).  Plaintiff says these Defendants even came back and dispensed his medication to him, but still did not feed him breakfast.  (Id.)  According to Plaintiff, he became so upset about not getting his breakfast that he passed out and urinated on himself.  (Id.)

Plaintiff says that as a result, he had to receive medical attention. (Id.) Plaintiff makes no allegations against Defendant Clay. Plaintiff seeks $100,000 for "negligence and mental anguish." (Id. at 5).

### A. Official Capacity Claims

Plaintiff sued Defendants in their personal and official capacities seeking damages only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Accordingly, Plaintiff's official capacity claims against the ADC Defendants are the equivalent of claims against the state of Arkansas and are barred by Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989).

Plaintiff's claims against Defendant Clay are the equivalent of claims against Lee County. To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monnell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)). Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights. As such, Plaintiff cannot establish liability against Lee County.

### B. Personal Capacity Claims

Plaintiff brought suit under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual

actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

Plaintiff named Lee County Jail Administrator Clay as a Defendant, but made no allegations against Clay. As such, Plaintiff failed to state a claim against Clay on which relief may be granted. Id.

Plaintiff claims Defendants Evans and Doe did not give him his breakfast on November 16, 2021. (Doc. No. 2 at 4). Plaintiff alleges only this one missed meal. The law in the Eighth Circuit is clear that, without anything further, one missed meal does not rise to the level of a constitutional violation. Williams v. Harness, 221 F.3d 1346 (8th Cir. 2000) (per curiam). Accordingly, Plaintiff failed to state a claim against Defendants Evans and Doe.

Additionally, Plaintiff seeks damages for "negligence." (Doc. No. 2 at 5). "Mere negligence is not sufficient to support a cause of action under § 1983." Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

### IV.  Conclusion

IT IS, THEREFORE, RECOMMENDED that

1.    This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2.	The Court recommends that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.	The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 16th day of February, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."